UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMES W. COOKE,

                                                   **Plaintiff,**

                        v.                                        3:17-CV-1368
                                                                                 (FJS)

**COMMISSIONER OF SOCIAL SECURITY,**

                                                **Defendant.**

_____

**APPEARANCES**                                           **OF COUNSEL**

**JAMES W. COOKE**
151 Grant House Road
Richford, New York 13835
Plaintiff *pro se*

**SOCIAL SECURITY ADMINISTRATION**     **JAMES DESIR, ESQ.**
**OFFICE OF REGIONAL**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    James W. Cooke ("Plaintiff") brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("Act"), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for benefits. *See generally* Dkt.

Nos. 1, 12. Pending before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 12, 13.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff applied for benefits on September 19, 2014, alleging disability as of March 15, 2014. *See* Dkt. No. 9, Administrative Record ("AR"), at 14.[1] The Social Security Administration denied Plaintiff's application on December 4, 2014. *See id*. In response, Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). *See id.* at 143. A video hearing was held on December 1, 2016, with ALJ Gretchen Greisler presiding in Syracuse and Plaintiff appeared in Binghamton. *See id.* at 14. Plaintiff and Josiah Pearson, a vocational expert, testified. *See id*. Attorney Nixon represented Plaintiff at the hearing. *See id.*

On January 31, 2017, the ALJ issued a written decision in which she made the following findings "[a]fter careful consideration of the entire record . . ."

1) "[Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 2014."

2) "[Plaintiff] did not engage in substantial gainful activity during the period from his alleged onset date of March 15, 2014 through his date last insured of December 31, 2014 (20 CFR 404.1571 *et seq*.)."

3) "Through the date last insured, [Plaintiff] had the following severe impairment: irritable bowel syndrome (20 CFR 404.1520(c))."

4) "Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one

---

[1] All references to page numbers in the Administrative Record are to the Bates Stamp number at the bottom of those pages. All references to page numbers in other documents in the record are to the page numbers that the Court's Electronic Case Filing System generates.

of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)."

5) "After careful consideration of the entire record, I find that, through the date last insured, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) but must have access to a restroom within 5 minutes travel time from the work station. He requires one extra restroom break of 10 minutes a day outside of the normal morning, afternoon, and lunch breaks."

6) "Through the date last insured, [Plaintiff] was unable to perform any past relevant work (20 CFR 404.1565)."

7) "[Plaintiff] was born on March 20, 1961 and was 53 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563)."

8) "[Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564)."

9) "Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)."

10) "Through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functioning capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1569 and 404.1569(a))."

11) "[Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from March 15, 2014, the alleged onset date, through December 31, 2014, the date last insured (20 CFR 404.1520(g))."

*See* AR at 17-23 (citations omitted).

The ALJ's decision became the Commissioner's final decision on August 17, 2017, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 4-7. Plaintiff then commenced this action on December 20, 2017, and filed a supporting brief on July 12, 2018. *See* Dkt Nos. 1, 12. Defendant filed a response brief on August 27, 2018. *See* Dkt. No. 13.

# III. DISCUSSION

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). To be eligible for benefits, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability "to engage in any substantial gainful activity [("SGA")] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is currently engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not currently engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, he is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his residual functional capacity ("RFC"), age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is

> only entitled to receive benefits if he cannot perform any
> alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation and other citations omitted).

Plaintiff's "brief" in support of his motion consists of a list of mental and physical conditions that he allegedly suffered from at the time of his employment and continues to suffer from today. Although Plaintiff fails to identify any alleged error that the ALJ made, the Court will assume that, by filing this action, Plaintiff claims that the ALJ's decision that he was not disabled was not supported by substantial evidence.

In her brief, the Commissioner, after an extensive and thorough review and discussion of the evidence in the record, argues that the ALJ's determination was supported by substantial evidence and was based on the application of the correct legal standards and that, therefore, the Court should affirm that decision. *See, generally,* Dkt. No. 13, Defendant's Brief.

Although, as noted, Plaintiff did not identify any alleged errors in the ALJ's decision, the Court, nonetheless, has the responsibility to review the record and determine whether the ALJ's decision was properly supported. *See Corbiere v. Berryhill*, No. 18-451, ___F. App'x ___, 2019 WL 318436 (2d Cir. Jan. 23, 2019). Having done so, the Court agrees with Defendant and concludes, based on its own review of the entire administrative record, including the ALJ's very thorough analysis of the record and her explanations for her findings and ultimate conclusion, that her determination that Plaintiff was not disabled within the meaning of the Act was supported by substantial evidence.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 12, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's Complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: February 13, 2019
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge